NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 4 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHAWN CHARLES GOFF,

Plaintiff-Appellant,

v.

MANNITA HUDSON, Captain, formerly
named as Unknown Hudson; ANTHONY
COLEMAN, Deputy Warden at ASPC
Lewis, Rast & Rast Max Unit; SAENZ,
Lieutenant at ASPC Lewis, Rast Max Unit;
UNKNOWN PARTIES, named as Unknown
CO II at ASPC-Lewis, Rast Unit (5 CO IIs);
KAUFMAN, Assistant Deputy Warden at
ASPC Lewis, Rast & Rast Max Units;
GERALD R. THOMPSON, Former Warden;
BONG, Sargeant at ASPC-Lewis; R.
KAUFMAN, Former Associate Deputy
Warden,

Defendants-Appellees.

No. 22-15650

D.C. No. 2:20-cv-00853-DLR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted July 18, 2023[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:     SCHROEDER, RAWLINSON, and BADE, Circuit Judges.

Arizona state prisoner Shawn Charles Goff appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging Eighth Amendment violations.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc).  We affirm.

The district court properly granted summary judgment on Goff's excessive force claim because Goff failed to raise a genuine dispute of material fact as to whether the cell extraction was implemented maliciously and sadistically to cause harm after Goff refused to comply with orders to be handcuffed and removed from his cell.  *See Hughes v. Rodriguez*, 31 F.4th 1211, 1221 (9th Cir. 2022) ("In excessive force cases brought under the Eighth Amendment, the relevant inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.").

The district court did not abuse its discretion by denying Goff leave to amend his complaint because Goff did not show good cause for an extension of the scheduling order deadline for amended pleadings.  *See* Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-10 (9th Cir. 1992) (setting forth standard of review and holding that modification of a pretrial scheduling order after the applicable deadline has passed requires a showing of

good cause, which "primarily considers the diligence of the party seeking the amendment").

The district court did not abuse its discretion in denying Goff's motion to compel discovery because Goff failed to establish that denial would result in actual and substantial prejudice. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and explaining that a district court's "decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Goff's motion for appointment of counsel because Goff failed to demonstrate "exceptional circumstances" warranting appointment. *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (setting forth standard of review and "exceptional circumstances" requirement for appointment of counsel).

The district court did not abuse its discretion in denying Goff's motion for appointment of an expert because such appointment was not necessary for the court to make its determination. *See Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999) (setting forth standard of review for appointment of an expert under Federal Rule of Evidence 706).

22-15650

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**